**Frankie & Gentile, P.C.**
Attorneys at Law
1527 Franklin Avenue
Suite 104
Mineola, New York 11501

James G. Frankie
Joseph A. Gentile

Phone: 516-742-6590
Fax: 516-742-6875

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 15 2013 ★

Rec'd 10/18/13
BROOKLYN OFFICE

October 10, 2013

United States Probation Officer John Lanigan
United States Probation Department
147 Pierrepont Plaza
Brooklyn, NY 11201-4201

Re: United States v. Arif Kurti
    11CR00486 (S1)-004 (DLI)
    <u>Objection Letter</u>

Dear Officer Lanigan:

    Pursuant to Rule 32(F) of the Federal Rules of Criminal Procedure, this office is filing the following objection letter with regard to the report pertaining to the above-named defendant, dated September 27, 2013 and received on September 30, 2013. The primary objection pertains to the ex post facto application of a guideline provision which impacts on the guideline computation as well as the inapplicability of the guideline provision. The remaining objections are related to factual discrepancies, although there is a significant departure/variance issue regarding Mr. Kurti's incarceration in a deplorable Albanian prison environment while awaiting extradition to the United States, which should be considered by the Court.

### I) <u>Ex Post Facto Violation And the Absence of Direct Involvement During Albanian Incarceration - Application of Guideline 2D1.1(b)(14)(c) (Paragraphs 48 and 127 of the PSR)</u>

    In these paragraphs, your office attempts to assign a two point enhancement predicated on the view that, based on the assignment of points as a manager or supervisor, an individual defendant's guideline will be increased by two points if the defendant was "directly involved in the importation of a controlled substance." However, subdivision 14 of Section 2D1.1 first appears in the 2011 guideline book and does not appear in the 2010 Guideline Manual. Accordingly, this would appear to be an October, 2010 amendment which never appeared in a Guideline manual prior to that time.

    As the probation department is aware, Mr. Kurti was in Albania in 2002 (see paragraph 147 of report) and was incarcerated in Albania in 2008. The alleged activity in question occurred between 2000 and 2002 pertaining to the importation of marijuana. Accordingly, the department is

attempting to apply a 2011 guideline to conduct that dates back nine years earlier, which is simply inappropriate.

Further, the 2011 amendment specifically states that an adjustment occurs if "the defendant was <u>directly</u> <u>involved</u> in the <u>importation</u> of a controlled substance." As the department is aware, regarding the activities referenced in the report in calendar year 2010, Mr. Kurti was in an Albanian prison and virtually incapable of direct involvement with any substantive criminal activity. Although the text messages may have facilitated some discussion, neither his conduct nor conversations constitute direct involvement in the importation of a controlled substance. Accordingly, the application of this guideline to any 2010-2011 activity does not meet the requirement that a person engage in direct involvement with the particular criminal activity.

The ex post facto provision has two principal purposes. First, it seeks to prevent legislatures from "enacting arbitrary or vindictive legislation." Miller v. Florida, 482 U.S. 423, 429 (1987). Second, it endeavors "to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." Weaver v. Graham, 450 U.S. 24, 28-29 (1981). Two elements must exist for there to be a violation of the Ex Post Facto Clause. First, the law "must be retrospective, that is, it must apply to events occurring before its enactment." Weaver, 450 U.S. at 29. Second, the law must be a penal statute that disadvantages the defendant affected by it. See, Collins v. Youngblood, 497 U.S. 37, 41 (1990).

Retroactive application occurs when the conduct sought to be penalized occurs before the statute becomes effective. First, although the courts generally look to the time period alleged in the indictment, the Second Circuit has indicated that it is proper for a district court to analyze the facts in the particular case to determine whether the offensive conduct in question occurred prior to the termination date in the indictment. United States v. Kilkenny, 493 F.3d 122 (2d Cir. 2007). In Kilkenny, the court concluded it was error for the court to rely on the date listed in the information charging bank fraud as a basis for determining an ex post facto violation. In fact, the court concluded the dates in the indictment are not dispositive and that a district court should look to the last date of offensive conduct. Kilkenny at 128. See also, United States v. Foote, 413 F.3d 1240, 1250 (10th Cir. 2005) (finding that uncontradicted evidence established that offense ended on December 7, 1998, despite statement in the indictment that conspiracy continued until October, 2000). Recently, the United States Supreme Court ratified the vitality of the ex post facto clause by confirming a violation where the loss provision under the guidelines had changed between 1999 and 2009 in a fraud case, resulting in significantly greater sentence exposure to the defendant. The Court concluded that the ex post facto clause was violated by sentencing the defendant under current guidelines rather than those in effect at the time of the offense. Peugh v. United States, 133 S.Ct. 2072 (2013).

In the present case, the indictment traces a history from calendar year 1999 until 2011. Accordingly, it is only the last year of the indictment which has applicability to the passage of the guideline from a temporal standpoint. However, in accordance with Kilkenny, there is no question that the marijuana transportation, as well as any other incidents, occurred prior to Mr. Kurti's incarceration in Albania in 2008, three years before the enactment of the guideline. Further, it appears that the marijuana incident was completed in 2002 and the allegations relating to the Holland

incident (which are discussed later) were completed by calendar year 2003, eight years prior to the enactment of this guideline provision. Finally, any conduct referenced in calendar years 2010-2011 constitutes messages from an Albanian prison which virtually preclude the ability to be directly involved in the importation of a controlled substance.

Further, there is no reference to this provision in the plea agreement as contemplated by the parties. The plea agreement has absolutely no reference to this enhancement and the application of the enhancement was dubious for the foregoing reasons. Likewise, there is virtually no case law interpreting the direct involvement language. Therefore, there was no basis for computing the guideline factor into the adjusted offense level computation within the plea agreement. Accordingly, counsel would object to the inclusion of the two level enhancement.

## II) Paragraphs 10, 48, 114, 127 and 179 of the PSR

With regard to these assertions, there are certain qualified objections. Although the report alleges that Mr. Kurti was involved in the importation of ecstasy from Holland via human couriers, there is no quantifiable verification of this amount. (page 15) Further, Arif Kurti was never prosecuted or charged in the Southern District of New York, although his brother, Ibrahim, was prosecuted for this offense. The failure to charge Arif Kurti for this alleged conduct is highlighted by the fact that a 2002 Southern District of New York wiretap application and investigation occurred without any charges being presented against Arif Kurti.

Also, with regard to paragraphs 48 and 114, there is a qualified objection pertaining to discussions about cocaine. Mr. Kurti was in jail in Albania, and there are highly speculative text messages that are interpreted to be about cocaine. No actual drugs were ever transported, no specific dealer or location in Spain is referenced, no price breakdown or cost specifics are discussed in any detail.

## III) Alberto Mercado - (Paragraph 29)

As indicated in the Mercado objection letter, Arif Kurti does not know and has never been involved with Alberto Mercado. Mr. Kurti has acknowledged his involvement in the transport of marijuana into New York City, but he denies and objects to the assertion that Mercado became a manager who delivered marijuana to Mr. Kurti's customers. This assertion is wrong and incorrect.

## IV) Global Point Adjustment (Paragraph 178)

The government and the court system were spared an enormous expenditure of resources and court time by Mr. Kurti and ten related co-defendants, outlined in paragraph 14 of the plea agreement, deciding to plead guilty by August of 2013. Accordingly, the plea agreement recited a two level reduction for a global disposition and that provision of the agreement should be enforced.

## V) Extradition/Harsh Nature of Foreign Incarceration - Paragraph 47

Although this issue will be discussed in greater depth as a variance/departure issue in the pre-sentence memorandum, Mr. Kurti was incarcerated in 2008 but he and his Albanian co-defendants were entitled to release in the summer of 2011. However, the Albanian decision relating to his incarceration (exhibit will be attached to pre-sentence memorandum) references the arrest warrant of Federal Judge Lois Bloom dated July 7, 2011 which was filed against him and Mr. Kurti remained incarcerated in Albania until he was extradited in November of 2012 to the United States.

A European Anti-Torture Committee report reveals that the prison in Tirana, Albania, where Mr. Kurti spent a considerable period of time, was overcrowded with limited access to medical treatment, natural lighting and poor ventilation. The diet at the facility was stale and lacked any proper nutritional balance. The hygiene at the facility was deplorable (e.g. no soap, no hot water, poor sanitary conditions, etc.) and there were many reports of physical abuse of prisoners. The conditions at the facility were marginally above the level of barbaric. This office will attach a copy of the report as a part of the pre-sentence memorandum in this case.

Mr. Kurti spent sixteen (16) months at the Albanian facility awaiting extradition under these hostile, unsanitary and unsafe conditions. Based on the recognition of a downward departure by the Second Circuit in United States v. Carty, 264 F.3d 191 (2d Cir. 2001), the courts have acknowledged that the excessively harsh conditions in foreign jails awaiting extradition justifies a sentence variance.

The probation report did not address this issue adequately and counsel for Mr. Kurti will develop this issue comprehensively in his pre-sentence memorandum. Nevertheless, as a matter of completeness, our office is objecting to the failure to adequately address this issue which is a viable basis for departure. It should be noted that the probation department was provided with a draft memorandum from counsel regarding the basis for such a departure, which our office will file as a part of the pre-sentence memorandum to the court.

Very truly yours,

*[signature]*

Joseph A. Gentile

JAG:pmf
cc: Chambers - Hon. Dora L. Irizarry
    AUSA Steven L. Tiscione
    Clerk of the Court

# Frankie & Gentile, P.C.

Attorneys at Law
1527 Franklin Avenue
Suite 104
Mineola, New York 11501

James G. Frankie
Joseph A. Gentile

Phone: 516-742-6590
Fax: 516-742-6875

October 10, 2013

Clerk of the Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:  United States v. Arif Kurti
     11CR00486 (S1)-004 (DLI)
     <u>Objection Letter</u>

Dear Sir:

     Enclosed for your file is a copy of an objection letter filed with the U.S. Department of Probation in the above matter, and chambers has been furnished a courtesy copy.

                                        Very truly yours,

                                        Joseph Gentile

JG:pmf
Enc.

Frankie & Gentile, P.C.
Attorneys at Law
1527 Franklin Avenue, Ste. 104
Mineola, New York 11501

MID-ISLAND NY 117

15 OCT 2013 PM 3 L



Clerk of the Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

1120118d299