

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT
F.#2011R01661/NY-NYE-648Z

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

November 26, 2013

By Hand and ECF
The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Arif Kurti
            Criminal Docket No. 11-486 (S-1)(DLI)

Dear Judge Irizarry:

      The government respectfully submits this letter pursuant to the Court's November 15, 2013 Order requesting that the parties address any objections to the First Addendum to the Presentence Investigation Report ("PSR") filed in the above-captioned matter, and to respond to supplemental arguments raised by the defendant.

      The government has no further objections to the amended PSR.  As calculated by the Probation Department, and accounting for the two-level global plea reduction that both the government and the defendant have requested, the advisory Guidelines range should be based on an adjusted offense level of 28 and a criminal history category of I, resulting in an advisory Guidelines range of 78 to 97 months.  The government concurs with this calculation.

      On November 25, 2013, defendant Arif Kurti submitted a "Supplemental Sentencing Letter" arguing two points.  First, Kurti contends that a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(14)(c) should not apply because: (i) grounding the enhancement on marijuana importation activities the defendant admittedly engaged in prior to the effective date of the amendment would create an *ex post facto* violation; and (ii) the defendant was not "directly" involved in the drug importation activities that occurred in 2011 (which would unarguably fit within the effective date of the enhancement).  Second, Kurti argues that he should be given credit for time he spent in Albanian prison on an unrelated heroin-trafficking case because

he would have been released earlier had it not been for the existence of the arrest warrant and extradition request in the instant case.  Both arguments lack merit.

### Enhancement for Direct Involvement in Drug Importation

As discussed in the First Amendment to the PSR, the Sentencing Commission expressly provided that "If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, that court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." U.S.S.G. § 1B1.11(b)(1).  The commentary to 1B1.11(b)(1) further explains that "the last date of the offense of conviction is the controlling date for *ex post facto* purposes." (emphasis added).  U.S.S.G. § 1B1.11(b)(2) also states that "[t]he Guidelines Manual in effect on a particular date shall be applied in its entirety."  Thus, the Probation Department is correct that the relevant date for determining which Guidelines Manual applies is the end date of the charged drug trafficking conspiracy, not the date that the defendant engaged in the activities triggering the enhancement at issue.  There is no question that the defendant committed acts in furtherance of the conspiracy in early 2011.  Accordingly, the Guidelines Manual that became effective as of November 1, 2010 should be used, and the two-level enhancement pursuant to § 2D1.1(b)(14)(c) applies.

Even if the Court adopts defendant Kurti's *ex post facto* argument and determines that conduct that occurred prior to November 2010 may not be considered, the enhancement nonetheless applies because the defendant clearly engaged in narcotics importation in 2011.  Kurti argues that because he was in an Albanian prison at the time, his efforts to coordinate drug trafficking shipments through co-conspirators in the United States, Canada and Europe do not constitute "direct involvement" in the importation of controlled substances.  This reading of the relevant Guidelines provision is exceedingly narrow.  As the Probation Department reasonably points out, few leaders of international drug trafficking organizations have direct, hands-on involvement with the drugs actually coming to the United States.  Indeed, the commentary to U.S.S.G. § 2D1.1(b)(14)(C) states that the enhancement broadly applies if the defendant "committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused the importation of a controlled substance" or is otherwise "accountable for the importation of a controlled substance as relevant conduct." Commentary note 19. Under the broad view articulated in the commentary, the

defendant's involvement in the brokering and negotiation for drug shipments, as well as his role in managing problems that arose between the defendant's Canadian suppliers and his co-conspirators in New York who were receiving the drug shipments is more than sufficient to qualify for the enhancement.[1]

### Credit for Time Spent in Albanian Prison

Kurti next argues that he should receive credit for time he spent in Albanian prison while awaiting extradition. Notably, Kurti received a sentence of five years for a heroin trafficking conviction in Albania, and was serving this sentence (which is unrelated to the instant offense) at the time that he was indicted and his extradition was sought in connection with the above-captioned matter. Kurti contends that if not for the extradition request, he would have been released from Albanian prison at an earlier date, notwithstanding the fact that he had not yet served the entirety of his Albanian sentence. There is simply no evidence in the record to support this view. Defendant's contentions are purely speculative based on: (i) an unidentified embassy worker's "anecdotal" assessment of the <u>typical</u> amount of good-time credit defendants <u>may</u> receive in the Albanian prison system; (ii) assertions of when his co-defendants in Albania were released with no discussion of their relative culpability, criminal history, disciplinary incidents or other distinguishing factors that might have accounted for their early release compared to Kurti; and (iii) attempts to divine the motivation behind an Albanian prosecutor's actions without even a cursory explanation of how the Albanian criminal justice system works, particularly with respect to extradition requests.[2]

---

[1] Even if Kurti is correct that the contemplated cocaine shipments never, in fact, occurred, (Def. Let. at 2), the marijuana shipments Kurti orchestrated between a Canadian supplier named "Alex" and Gjavit Thaqi did take place. Indeed, at least one of the shipments was seized by law enforcement after it was smuggled into the United States and another successful transaction resulted in Thaqi sending money back to Canada as payment for the drugs.

[2] Specifically, defendant speculates that because the prosecutor made a motion to detain Kurti pending extradition, it must be the case that he was about to be released from Albanian prison or there would be no reason to do the motion. That is not necessarily an accurate conclusion. For example, when an incarcerated defendant is served with a warrant on a new case in the U.S. (whether it is an extradition warrant or simply a new

Moreover, the defendant's location in an Albanian prison at the time he was indicted in the instant case is a product of his own misconduct that should hardly be rewarded – particularly since he continued to commit crimes while incarcerated. Indeed, it is entirely possible that Kurti lost "good time" credit and the possibility of early release because of his obvious and egregious disciplinary breaches.

In short, the defendant has failed to provide any evidence or documentation that supports his theory that he spent additional time in Albanian prison as a direct result of the U.S. extradition request, as opposed to the sentence he received in Albania for heroin trafficking.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

By:   /s/_____
Steven L. Tiscione
Assistant U.S. Attorney
(718) 254-6317

cc:  John Lanigan, U.S. Probation Officer (by E-mail)
     Joseph Gentile, Esq. (by ECF)
     Clerk of Court (DLI) (by ECF)

---

domestic criminal case), the defendant is still arraigned on the warrant and a bail determination is made by the arraigning judge notwithstanding the fact that the defendant is already in custody on the previous charge. In other words, the Albanian system may well require the judge to make a bail determination on the extradition request irrespective of whether the defendant is already in custody on another charge and even if the defendant is unlikely to be released on that sentence prior to the conclusion of the extradition process. Thus, the motion itself provides no insight as to whether the defendant would have been released from Albanian jail in the absence of the extradition request.