UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA,                  :
                                           :       **SUMMARY ORDER**
              -against-                    :
                                           :       11-CR-486 (S-1)(DLI)
ARIF KURTI,                                :
                                           :
                         Defendant.        :
-------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On June 6, 2013, defendant Arif Kurti pled guilty to a lesser included offense within the third count of a superseding indictment for conspiring to distribute and possess with intent to distribute marijuana, in violation of Title 21 United States Code Sections 841(b)(1)(B) and 846, as a Class B felony. On April 25, 2014, the court imposed a non-guidelines sentence, upwardly varying, to ninety-six (96) months of incarceration, followed by eight (8) years of supervised release with special conditions. On April 29, 2014, defendant filed a letter requesting that the court correct the supervised release portion of his sentence claiming that the term of his supervised release exceeded the maximum term of five years authorized by 18 U.S.C. § 3583(b). (Letter, Dkt. Entry No. 1561, 1.) On April 29, 2014, the government filed a letter opposing defendant's request. (*See* Letter, Dkt. Entry No. 1562.) For the reasons set forth below, defendant's request to correct his sentence is denied in its entirety.

The authority to correct a sentence under Rule 35 "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action." *United States v. Donoso*, 521 F.3d 144, 146 (2d Cir. 2008) (citing *United States v. Abreu-Cabrera*, 64 F.3d 67, 72 (2d Cir. 1995)). "Rule 35(a) does not authorize a sentencing court to reconsider either the facts or the sentencing guidelines underlying its originally imposed

1

sentence." *United States v. Eberhard*, 2005 WL 2172031, at *2 (S.D.N.Y. Sept. 8, 2005) (citing *United States v. Abreu-Cabrera*, 64 F.3d at 72).

Defendant erroneously asserts that the court improperly imposed a supervised release term in excess of five years. According to defendant, 18 U.S.C. § 3583(b) limits the term of supervised release for a Class A or B Felony to five years. Defendant further argues that, while section 841(b)(1)(B) provides that the term of supervised release shall be at least eight years if the defendant has a prior felony drug conviction, defendant's foreign drug conviction does not fall within the type of conviction that would require a minimum eight year term of supervised release.

The government correctly counters that defendant's narrow construction of section 3583(b) is unsupported by the established case law of this Circuit interpreting this provision. It is well-settled that, "[t]he rule in this circuit is that in view of the 'at least' language, no maximum term of supervised release is imposed by such a provision, and therefore that the statutory maximum term of supervision release is a life term." *United States v. McNaught*, 396 F. App'x 772, 773 (2d Cir. 2010) (internal quotations omitted); *see also United States v. Mora*, 22 F.3d 409, 412 (2d Cir. 1994) (discussing the interplay between sections 3583(b)(1) and 841(b)(1)(B) and holding that section 841(b)(1) is the type of section that falls within the exception of section 3583(b)). Based on this rule, the maximum term of supervised release, as authorized by 21 U.S.C. § 841(b)(1)(B), is life.

Therefore, the court did not err in sentencing defendant to a term of supervised release of eight years.

## Conclusion

For the foregoing reasons the defendant's request to correct his sentence is denied.

SO ORDERED.

Dated: Brooklyn, New York
   May 8, 2014

/s/
DORA L. IRIZARRY
United States District Judge
